IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AMANDA PACK                                                              PLAINTIFF

                    v.                        Civil No. 14-2080

CAROLYN COLVIN, Commissioner
Social Security Administration                                          DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Amanda Pack, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) finding that her child's disability ended on February 1, 2011, and that she was no longer disabled and entitled to supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

## I.    Procedural Background:

In September 2005, the Commissioner approved Plaintiff's child disability application and granted benefits.  Tr. 9.  On February 15, 2011, after Plaintiff turned 18 years of age, the Commissioner reassessed her disability claim and determined she was no longer disabled as of February 1, 2011.  Tr. 53, 111.  This decision was upheld upon reconsideration, and the Plaintiff requested an administrative hearing.  Tr. 53.  Subsequently, an administrative hearing was held on January 3, 2013.  Tr. 6-49.

At the time of the hearing, the Plaintiff was 20 years old and possessed a high school education.  Tr. 9.  Plaintiff had no past relevant work ("PRW") experience.

On March 25, 2013, the ALJ found Plaintiff's Asperger syndrome[1] and oppositional defiant disorder ("ODD") were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  Tr. 55-56.  After partially discrediting Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following limitations:

> She can understand, remember and carry out simple, routine, repetitive tasks.  She can respond to usual work situations and routine work changes.  She can respond to supervision that is simple, direct and concrete.  The claimant can occasionally interact with supervisors, coworkers and the public.

Tr. 56.  With the assistance of a vocational expert, the ALJ then found Plaintiff could perform work as a hand packager (medium level), dining room attendant (medium level), and laundry worker (light level).  Tr. 61.

The Appeals Council denied review on February 19, 2014.  Tr. 3-5.  Subsequently, Plaintiff filed this action.  ECF No. 1.  This case is before the undersigned by consent of the parties.  ECF No. 7.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF Nos. 9, 10.

## II.   **Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  We must affirm the ALJ's decision if the record contains substantial

---

[1] Asperger syndrome or disorder is a developmental disorder resembling autism that is characterized by impaired social interaction, repetitive patterns of behavior, restricted interests, atypical sensory responses (exquisite sensitivity to noises, food, odors, or tastes, or clothing textures), and pragmatic deficits (extremely concrete use of language, difficulty recognizing irony or jokes).  *Autism Spectrum* Disorders, THE MERCK MANUAL 3039 (19th edition 2011).  Individuals suffering from Asperger generally have normal language and cognitive development and often have above average performance in a narrow field against a general background of deficient functioning.  *Asperger Syndrome*, Autism Speaks, https://www.autismspeaks.org/what-autism/asperger-syndrome (last accessed June 2, 2015).

evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the decision of the ALJ. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy

3

given her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

## III.   Discussion:

Of particular concern to the undersigned is the ALJ's failure to properly develop the record. The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure his decision is an informed decision based on sufficient facts. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). The ALJ is only required to develop a reasonably complete record. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994). In determining whether an ALJ has fully and fairly developed the record, the proper inquiry is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001).

In the present case, Plaintiff was awarded child SSI benefits due to Asperger syndrome and oppositional defiant disorder. As previously stated, upon her 18th birthday, the Commissioner determined she was no longer disabled. In upholding this decision, the ALJ relied upon a mental evaluation conducted by Dr. Steve Shry, dated February 3, 2011. Tr. 339-341. Testing revealed a full scale IQ of 100, indicative of average intelligence. Her subtest scores were consistent, with the exception of her coding score. Plaintiff earned a coding score of 3, indicating speed and fine motor deficits. Dr. Shry noted "[t]he claimant tended to perseverate on forming each symbol very carefully with much time spent erasing in order to meet the required order that claimant seemed to desire. This behavior is consistent with her diagnosis." He then diagnosed her with Asperger disorder and assessed her with a global assessment of functioning ("GAF") of 70-81. However, the section wherein Dr. Shry identified the effect of the Plaintiff's mental impairments on her

adaptive functioning is missing.  Clearly, this information is of vital importance to the ALJ's decision.  And, without it, the undersigned is unable to conclude that substantial evidence supports the ALJ's decision.[2]

Accordingly, remand is necessary to allow the ALJ to obtain the full and complete mental diagnostic and psychometric evaluation completed by Dr. Shry.  Given the nature of the Plaintiff's impairment and the limited objective evidence available, on remand, the ALJ should also ask Dr. Shry for a full and complete a mental RFC assessment.

**V.**    **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 3rd day of June, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

---

[2] The only other evidence of record documents the Plaintiff's treatment for Asperger syndrome and oppositional defiant disorder throughout her school years, with notations that she had delayed visual-motor abilities, deficient social skills, difficulty coping in certain situations, sensory processing difficulties, and serious problems with focus and completion of assigned tasks.  Tr. 169-176, 189, 191, 263-268, 269-277, 287-292, 295-297.